Roger Sullivan
McGARVEY LAW
345 1st Avenue East
Kalispell, MT 59901
(406) 752-5566
rsullivan@mcgarveylaw.com

Philip L. Gregory*
GREGORY LAW GROUP
1250 Godetia Drive
Redwood City, CA 94062
(650) 278-2957
pgregory@gregorylawgroup.com

Julia A. Olson*
Andrea K. Rodgers*
Nathan Bellinger*
OUR CHILDREN'S TRUST
1216 Lincoln St.
Eugene, OR 97401
(415) 786-4825
julia@ourchildrenstrust.org
andrea@ourchildrenstrust.org
nate@ourchildrenstrust.org

Daniel C. Snyder*
Haley Nicholson*
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600
dsnyder@publicjustice.net
hnicholson@publicjustice.net

*Attorneys for Plaintiffs*
*Admitted pro hac vice*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| **EVA LIGHTHISER**; et al. <br> Plaintiffs, <br><br> v. <br><br> **DONALD J. TRUMP**, in his official capacity as President of the United States; et al. <br> Defendants. | Case No: CV-25-54-BU-DLC <br><br> **PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO INTERVENE AS INTERVENOR-DEFENDANTS BY STATE OF MONTANA, 18 OTHER STATES, AND ONE TERRITORY** |

## I.    INTRODUCTION

The Motion to Intervene as Intervenor-Defendants by State of Montana, 18 Other States, and One Territory (collectively, "Proposed Intervenor States") should be denied without prejudice for two reasons. *See* Doc. 33 ("Intervention Motion"). First, the Proposed Intervenor States cannot lawfully invoke this Court's jurisdiction while purporting to maintain sovereign immunity. Second, the Proposed Intervenor States offer little more than a litany of vague and conclusory allegations to support their request. Intervention requires more.

While the Proposed Intervenor States may be capable of alleging a factual basis to support intervention, they have not yet done so. This alone warrants denial of the Intervention Motion. Plaintiffs would not oppose a refiling of the motion, provided each of the Proposed Intervenor States expressly waives sovereign immunity and demonstrates a specific factual basis for its intervention.

## II.    LEGAL STANDARD

To intervene as of right, the movant must demonstrate: (1) the motion to intervene is timely; (2) a "significantly protectable" interest relating to the property or transaction at issue; (3) the disposition of the action may, as a practical matter, impair or impede the movant's ability to protect its interest; and (4) the existing parties do not adequately represent the movant's interest. *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc); Fed. R. Civ. P. 24(a)(2).

An applicant seeking to intervene has the burden to show that these four elements are met. *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006). "Failure to satisfy any one of the requirements is fatal to the application, and [the Court] need not reach the remaining elements if one of the elements is not satisfied." *See Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

To permissively intervene, the movant must demonstrate: (1) the motion is timely; (2) the movant shares a common question of law or fact with the main action; and (3) the movant has an independent basis for jurisdiction. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998); Fed. R. Civ. P. 24(b). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Additionally, "judicial economy is a relevant consideration in deciding a motion for permissive intervention." *Venegas v. Skaggs*, 867 F.2d 527, 531 (9th Cir. 1989).

## III.    ARGUMENT

### A.    Proposed Intervenor States Cannot Move to Intervene While Maintaining Sovereign Immunity.

The Intervention Motion should be denied because the Proposed Intervenor States cannot invoke the jurisdiction of this Court without waiving sovereign immunity. *See* Doc. 33 at 2 ("The State Intervenors' intervention is not a waiver of their sovereign immunity."). This Court cannot exercise jurisdiction over States that legitimately maintain their sovereign immunity. U.S. Const. amend. XI. However,

precedent instructs that, by filing a motion to intervene in Plaintiffs' suit, the Proposed Intervenor States waived their sovereign immunity, and the Court should so hold in any potential decision granting intervention.

Unless an exception applies, the "precise terms" of the Eleventh Amendment to the U.S. Constitution "bar [] federal jurisdiction over suits" against States. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669 (1999). For federal courts to exercise jurisdiction over State parties, one of the two exceptions to the Eleventh Amendment must apply: (1) Congress must have authorized such a suit under the Fourteenth Amendment; or (2) a State must consent to such a suit. *Id.* at 670. The Proposed Intervenor States do not claim that either exception to the Eleventh Amendment applies. *See generally* Doc. 33. Without a properly invoked exception, this Court cannot exercise federal jurisdiction over the Proposed Intervenor States, and they cannot become parties to this action. *See Coll. Sav. Bank*, 527 U.S. at 669, 691.

However, States that voluntarily enter suits waive their sovereign immunity, thereby allowing federal courts to exercise jurisdiction over their claims. *See, e.g.*, *id.* at 675; *Regents of the Univ. of N.M. v. Knight*, 321 F.3d 1111, 1124 (Fed. Cir. 2003) ("[I]t has long been established that a state waives its Eleventh Amendment immunity when it consents to federal court jurisdiction by voluntarily appearing in federal court." (internal citation omitted)); *see also Gunter v. Atl. Coast Line R.R.*

3

*Co.*, 200 U.S. 273, 284 (1906) ("[W]here a state voluntarily become[s] a party to a cause, and submits its rights for judicial determination, it will be bound thereby, and cannot escape the result of its own voluntary act by invoking the prohibitions of the 11th Amendment."); *Clark v. Barnard*, 108 U.S. 436, 447–48 (1883); *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 619–20 (2002); *Tegic Commc'ns Corp. v. Bd. of Regents of the Univ. of Tex. Sys.*, 458 F.3d 1335, 1340–41 (Fed. Cir. 2006); *Bergemann v. R.I. Dep't of Env't Mgmt.*, 665 F.3d 336, 340 (1st Cir. 2011).[1] The Supreme Court explained the logic behind this category of waiver in *Lapides*:

> It would seem anomalous or inconsistent for a State both (1) to invoke federal jurisdiction, thereby contending that the Judicial power of the United States extends to the case at hand, and (2) to claim Eleventh Amendment immunity, thereby denying that the Judicial power of the United States extends to the case at hand. And a Constitution that permitted States to follow their litigation interests by freely asserting both claims in the same case could generate seriously unfair results. Thus, it is not surprising that more than a century ago this Court indicated that a State's voluntary appearance in federal court amounted to a waiver of its Eleventh Amendment immunity.

535 U.S. at 619 (internal quotation marks omitted). Simply stated, the Proposed Intervenor States do not get to have their cake and eat it too; indeed, they cite no

---

[1] The Supreme Court has created a limited exception to this rule that is inapplicable to the present case. *See Missouri v. Fiske*, 290 U.S. 18, 21, 25 (1933) (granting defendant-intervenor status without waiving sovereign immunity for the limited purpose of protecting the jurisdiction of state probate court to conclude state proceedings before federal court proceedings determined the distribution of assets under consideration by the probate court).

authority for the proposition that they can enter this suit as intervenor-defendants without waiving their sovereign immunity.

For this Court to exercise jurisdiction, the Proposed Intervenor States must be deemed to have voluntarily waived their sovereign immunity. Should this Court be inclined to grant the Intervention Motion in any respect, this Court should condition intervention on the finding of such a waiver as to each intervening State, so the Proposed Intervenor States may properly participate as parties—as they seek— subject to the federal rules and the Court's authority.

## B. The Intervention Motion Does Not Satisfy the Legal Standards for Intervention.

Even if the Proposed Intervenor States properly invoked the jurisdiction of this Court, the Intervention Motion should be denied because it does not presently meet the legal requirements for intervention. The Proposed Intervenor States argue they meet the legal standards to intervene as of right, or, in the alternative, to permissively intervene. Doc. 33 at 11, 22. Both arguments fail, as the Proposed Intervenor States have not demonstrated sufficient facts for the basis for intervention of each of the nineteen States and one Territory. The Proposed Intervenor States' cited caselaw does not mitigate the failure of the Intervention Motion to demonstrate a factual basis for each proposed intervenor.

###### 1.    The Intervention Motion is Devoid of Facts Specific to Each Proposed Intervenor State.

"The proposed intervenor bears the burden of demonstrating that he is entitled to intervene under Rule 24." *Montana v. U.S. E.P.A.*, 941 F. Supp. 945, 954 (D. Mont. 1996) (citations omitted), *aff'd*, 137 F.3d 1135 (9th Cir. 1998). A motion to intervene must clearly articulate the nonconclusory factual basis for each movant's interest in the litigation. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). For intervention as of right in particular, a movant cannot "rely on an interest that is wholly remote and speculative." *City of Emeryville v. Robinson*, 621 F.3d 1251, 1259 (9th Cir. 2010) (internal citation and quotation omitted). Instead, to trigger a right to intervene, an "interest must be concrete and related to the underlying subject matter of the action." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (denying intervention where movant failed to demonstrate a sufficiently related interest to the subject matter of the litigation); *see also E. Bay Sanctuary Covenant v. Biden*, 102 F.4th 996, 1002 (9th Cir. 2024) (denying the States of Alabama, Kansas, Georgia, Louisiana, and West Virginia's intervention based on speculative alleged state interests); *Montana*, 941 F. Supp. at 955 (denying intervention based on a failure to adequately state interests in the suit).

The Intervention Motion fails to even allege, much less demonstrate, the "nonconclusory" and "concrete" factual basis for each Proposed Intervenor States'

interest in this litigation and instead relies on vague allegations and general grievances that are not connected to the EOs being challenged:

> At stake is the use of vast swaths of land, particularly land rich with natural resources, contained within the States; as well as employment of hundreds of thousands of Americans; the economic restoration of struggling communities; the cost of energy; attracting business and employers; tax revenues; and the potential need to reallocate resources, not to mention the potential reality of wasted time and resources spent in furtherance of the Executive Orders.

Doc. 33 at 6, 14. But in making their argument, the Proposed Intervenor States fail to identify which specific "swaths of land," "employment" opportunities, "struggling communities," or "resources" are actually implicated by Plaintiffs' suit challenging the unconstitutional use of Executive powers. The ambiguity is exemplified by the concluding phrase about "the potential reality of wasted time and resources spent in furtherance of the Executive Orders." *See id.* Whose "wasted time and resources" and doing what? Plaintiffs and the Court should not have to guess what they mean.

Additionally, while alleging some facts specific to Plaintiffs who reside in Montana, *id.* at 6–8, the Proposed Intervenor States fail to allege a single fact about how any of the other eighteen States and one Territory are affected by Plaintiffs' suit (e.g., what "vast swaths" of land are affected in Guam, which has no fossil fuel resources? What "time and resources" have each of the States "spent in furtherance of the Executive Orders?"). Instead, the Proposed Intervenor States allege, in

7

conclusory fashion, "Plaintiffs seek relief that would impact all States. Thus, all State Intervenors have an interest in the disposition of this action[.]" *Id.* at 8. Such "vaguely stated," "conclusory" interests are not sufficient to warrant intervention. *See Montana*, 941 F. Supp. at 955; *see also Alisal Water Corp.*, 370 F.3d at 920 n.3 ("A mere interest in property that may be impacted by litigation is not a passport to participate in the litigation itself. To hold otherwise would create a slippery slope where anyone with an interest in the property of a party to a lawsuit could bootstrap that stake into an interest in the litigation itself."). These conclusory allegations prejudice Plaintiffs and the Court, who remain unaware of what specifically is occurring in these nineteen States and one Territory that would make intervention appropriate.

Without facts alleging specific interests, the Court also cannot evaluate whether the existing parties can adequately represent the interests of the Proposed Intervenor States. This is particularly important given the presumption of adequate representation. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003), *as amended* (May 13, 2003) (affirming denial of intervention as of right because an existing party's representation is presumed adequate "[w]hen an applicant for intervention and an existing party have the same ultimate objective"); *see also United States v. California*, No. 2:18-cv-490-JAM-KJN, 2018 WL 1993937, at *2 (E.D. Cal. Apr. 27, 2018) (holding United States presumed to adequately represent

the interests of its constituents). If an applicant for intervention and an existing party share the same ultimate objective, a presumption of adequacy of representation arises. To rebut the presumption, an applicant must make a "compelling showing" of inadequacy of representation. *Arakaki*, 324 F.3d at 1086. The Proposed Intervenor States cannot make a "compelling showing" that this presumption does not apply without demonstrating any specific facts about how their interests diverge from and will not be adequately represented by the Federal Defendants. Unlike the cases relied upon in the Intervention Motion, Doc. 33 at 18–19, the Proposed Intervenor States do not include such facts to support their Intervention Motion. *See, e.g.*, *WildEarth Guardians v. Jewell*, 320 F.R.D. 1, 4 (D.D.C. 2017) (finding inadequate representation where proposed intervenor states set forth specific facts of how they benefited financially from extant federal oil and gas leases that plaintiffs sought to vacate).

Further, this failure to specifically state the basis for intervention makes the Proposed Intervenor States' intervention request procedurally defective under Federal Rules of Civil Procedure 24(c). Rule 24(c) requires, in relevant part: "[a] person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 n.1 (9th Cir.

9

1992). The failure to attach such a pleading can only be excused if the movant identifies the basis for intervention with sufficient specificity in the motion. *Id.* at 475; *see also Raines v. Seattle Sch. Dist. No. 1*, No. C09-203Z, 2009 WL 3444865, at *1 (W.D. Wash. Oct. 23, 2009) ("The Moodys did not file a proposed amended complaint with their motion to intervene. This failure could have been excused if the Moodys had identified the basis for intervention with sufficient specificity within the motion itself, but they did not."). Here, as discussed above, the Intervention Motion does not sufficiently allege the grounds for intervention for each Proposed Intervenor State.

The Proposed Intervenor States' position that "[u]pon intervention, the State Intervenors intend to file a Motion to Dismiss Plaintiffs' Complaint, submitted with this Motion pursuant to Local Rule 24.l(b)(l)(C)," Doc. 32 at 2, long after Plaintiffs' opposition brief is due, violates the very rule they cite for intervention. This Court's Local Rules are clear that "(1) A motion to intervene must include . . . (C) the proposed pleading" and "(2) An incomplete motion to intervene may be stricken or denied." L.R. 24.1(b)(1)(C), (b)(2). The Intervention Motion should thus be denied without prejudice, as the Proposed Intervenor States did not attach a responsive pleading to their Intervention Motion clarifying the basis for intervention. *See, e.g.*, *Schudel v. Searchguy.com*, No. 07cv0695 BEN (BLM), 2009 WL 10671749, at *2–3 (S.D. Cal. Aug. 4, 2009) ("Duszak has not fully stated her grounds for intervention.

In this instance, the absence of a pleading, that articulates her claims or at least states how she has an interest in the claims alleged, is significant. The lack of the required pleading under these circumstances provides an additional basis to deny permissive intervention or intervention of right."); *see also Buffin v. City & Cnty. of S.F.*, No. 15-cv-04959-YGR, 2016 WL 6025486, at *13 (N.D. Cal. Oct. 14, 2016).

Thus far, the Proposed Intervenor States have only demonstrated they want immunity from the Court's jurisdiction and to be excused from complying with the Federal Rules and the Local Rules of this Court. Both are a basis for denying the Intervention Motion.

### 2.    Proposed Intervenor States' Cited Caselaw Does Not Excuse their Factually Barren Intervention Motion.

The Proposed Intervenor States' cited caselaw does not excuse their factually barren Intervention Motion. The Proposed Intervenor States rely on *Wilderness Society v. U.S. Forest Service* for the proposition that courts do not require a showing of a "specific legal or equitable interest." Doc. 33 at 13. However, failing to articulate a "specific legal" interest is different from failing to demonstrate *facts* sufficient for courts to determine whether the intervenor's interest has "a relationship" to the claims at issue. *See Wilderness Soc'y*, 630 F.3d at 1179. Indeed, if a court does not have specific facts on how the alleged interests connect to the claims, a court cannot determine whether that interest is "sufficiently related" to the

suit, or whether the interest is actually "several degrees removed from . . . the backbone of th[e] litigation." *Alisal Water Corp.*, 370 F.3d at 920–21.

*Citizens for Balanced Use v. Montana Wilderness Association*, 647 F.3d 893 (9th Cir. 2011), also does not help the Proposed Intervenor States. *See* Doc. 33 at 15. In that case, the proposed intervenors sought to join a challenge to an interim order issued by the Forest Service "in response to an adverse decision in prior litigation brought by" the proposed intervenors. *Citizens for Balanced Use*, 647 F.3d at 895. Notably, because the proposed intervenors were parties to the prior litigation, the plaintiffs conceded the proposed intervenors had a specific interest in conserving and enjoying a Study Area in a specific section of the Gallatin National Forest. *Id.* at 896–97. Here, in contrast, the Proposed Intervenor States fail to allege that each of them has a clear and specific interest in Plaintiffs' suit, which challenges the Federal Defendants' unconstitutional actions.

Likewise, *Southwest Center for Biological Diversity v. Berg* is distinguishable. *See* Doc. 33 at 15–16. In that case, "[w]ith their motion for leave to intervene, Applicants submitted a proposed answer, the administrative record, and a number of declarations." 268 F.3d at 820. The court noted: "Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Id.* In "[a]pplying this standard," the

12

court found intervention was warranted because the declarations demonstrated third-party beneficiary contract rights in the agreement challenged by plaintiffs. *Id.* Unlike in *Berg*, here, the Proposed Intervenor States failed to allege any specific facts, let alone supporting declarations, that indicate the connection between the alleged conclusory interests and Plaintiffs' suit.

The Proposed Intervenor States *may* be able to specifically articulate the basis for intervention for this suit, if they are willing to waive sovereign immunity, but they have not done so yet. Without these specific facts, the Proposed Intervenor States cannot meet the legal requirements for intervention, either as of right or permissive.

**C.    If Intervention is Granted, Intervenors' Participation Should be Limited to Issues Not Raised by Federal Defendants and to Consolidated Briefing.**

If this Court is inclined to grant intervention, whether as of right or with permission, this Court should place limitations on the defendant status of the Proposed Intervenor States. *See Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 383 (1987) (Brennan, J., concurring) (finding restrictions on participation may be placed on an intervenor, intervening as of right); *see also Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 741 (9th Cir. 2011) ("The district court's discretion . . . under Rule 24(b), to grant or deny an application for permissive intervention includes discretion to limit intervention to particular issues." (internal

citations and quotations omitted)). Specifically, this Court should, at a minimum: (1) order that, by intervening, the Proposed Intervenor States have waived sovereign immunity; (2) limit the Proposed Intervenor States (a) to coordinate and consolidate discovery to avoid duplication and undue burden, (b) to file single, consolidated briefs of no more than 25 pages in the aggregate, and (c) to comply with a staged briefing schedule set by the Court, where the Federal Defendants file first; and (3) the Proposed Intervenor States must not duplicate any arguments made by the Federal Defendants.[2] *See Bark v. Northrop*, No. 3:13-CV-01267-HZ, 2013 WL 6576306, at *1 (D. Or. Dec. 12, 2013) (imposing similar limitations on intervention); *Doe v. Horne*, No. CV-23-00185-TUC-JGZ, 2023 WL 5017197, at *2 (D. Ariz. July 7, 2023) (collecting cases imposing similar limitations on intervention).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court deny the Intervention Motion without prejudice. If this Court allows intervention, Plaintiffs request the Court impose the restrictions noted above on participation by the Proposed Intervenor States. Alternatively, Plaintiffs do not object to the Proposed

---

[2] Proposed Intervenor States' [Proposed] Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction duplicates the standing arguments made by the Federal Defendants with no factual evidence or support, further undermining the Proposed Intervenor States' conclusory assertions that their interests are not adequately represented by the Federal Defendants. *Compare* Doc. 32-4 *with* Doc. 34 at 11–24. Plaintiffs reserve the right to fully reply to Proposed Intervenor States' Brief in Opposition if the Intervention Motion is granted.

Intervenor States participating as amici curiae if their briefs are timely filed for Plaintiffs' response.

DATED this 18th day of July, 2025.

Respectfully submitted,

*/s/ Julia A. Olson*
Julia A. Olson
Andrea K. Rodgers
Nathan Bellinger
OUR CHILDREN'S TRUST
1216 Lincoln St.
Eugene, OR 97401
(415) 786-4825
julia@ourchildrenstrust.org
andrea@ourchildrenstrust.org
nate@ourchildrenstrust.org

Roger Sullivan
McGARVEY LAW
345 1st Avenue East
Kalispell, MT 59901
(406) 752-5566
rsullivan@mcgarveylaw.com

Philip L. Gregory
GREGORY LAW GROUP
1250 Godetia Drive
Redwood City, CA 94062
(650) 278-2957
pgregory@gregorylawgroup.com

Daniel C. Snyder
Haley Nicholson
PUBLIC JUSTICE
1620 L Street NW, Suite 630

Washington, DC 20036
(202) 797-8600
dsnyder@publicjustice.net
hnicholson@publicjustice.net

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(d)(2)(E), I certify that the foregoing brief has a word count of 3,465 words, excluding the portions exempted by L.R. 7.1(d)(2)(E).

*/s/ Julia A. Olson*
Julia A. Olson