Austin Knudsen
*Attorney General of Montana*
Christian B. Corrigan
  *Solicitor General*
Brent Mead
  *Deputy Solicitor General*
Michael D. Russell
  *Assistant Attorney General*
MONTANA DEPARTMENT OF JUSTICE
P.O. Box 201401
Helena, Montana 59620-1401
(406) 444-2026
Christian.Corrigan@mt.gov
Brent.Mead2@mt.gov
Michael.Russell@mt.gov

*(Additional Counsel listed in signature block)*

*Counsel for Intervenor-Defendants*

Justin D. Smith*
JAMES OTIS LAW GROUP, LLC
530 Maryville Centre Drive
Suite 230
St. Louis, Missouri 63141
(816) 678-2103
Justin.Smith@james-otis.com
*    *Pro    hac    vice    application
forthcoming*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| EVA LIGHTHISER; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; et al.,<br><br>Defendants. | Case No. 2:25-cv-00054-DLC<br><br>**BRIEF IN SUPPORT OF STATE INTERVENORS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1)** |

Article III standing ensures that federal courts stick to their constitutional role—resolving concrete legal disputes between particular parties—rather than wading into society-wide policy disputes that the Constitution allocates to elected officials chosen by the American voters. In 2024, the American people elected President Trump to lead the Executive Branch. Exercising that electoral mandate and keeping his campaign promises, President Trump issued a series of Executive Orders aimed at lowering energy costs for American families, creating American jobs, and increasing America's economic competitiveness and security.

Plaintiffs now ask the Court to second-guess the President's agenda for policy reasons. Article III's standing requirement does not permit that result. For the reasons stated below, the State Intervenors respectfully request that the Court dismiss the Complaint for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1).

## ARGUMENT

The State Intervenors move to dismiss the Complaint under Rule 12(b)(1) because Plaintiffs lack Article III standing. "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation on federal-court jurisdiction to actual

cases or controversies." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 37 (1976).

"[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *City of Oakland v. Lynch*, 798 F.3d 1159, 1163 (9th Cir. 2015) (quotation omitted). Article III standing ensures that federal courts do not serve "as virtually continuing monitors of the wisdom and soundness of Executive action; such a role is appropriate for the Congress acting through its committees and the power of the purse; it is not the role of the judiciary, absent actual present or immediately threatened injury resulting from unlawful governmental action." *Allen v. Wright*, 468 U.S. 737, 760 (1984) (quotation omitted).

To establish Article III standing, a plaintiff "must show (i) that she suffered an injury that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Bowen v.*

*Energizer Holdings, Inc.*, 118 F.4th 1134, 1142 (9th Cir. 2024) (cleaned up). "The burden of showing that there is standing rests on the shoulders of the party asserting it." *Smelt v. Cnty. of Orange*, 447 F.3d 673, 682 (9th Cir. 2006). A defendant can challenge subject matter jurisdiction in two ways, through a "facial attack" on jurisdiction or through a "factual attack" on jurisdiction. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

Here, the State Intervenors raise a facial attack on Plaintiff's standing. "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quotation omitted). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id.* In other words, a court considering a facial attack on standing applies the familiar *Iqbal/Twombly* pleading standard. *Winsor v. Sequoia Benefits & Ins. Servs., LLC*, 62 F.4th 517, 523-25 (9th Cir. 2023). Under that standard,

"[c]onclusory statements, unreasonable inferences, and legal conclusions couched as factual allegations are not well-pleaded. Such bald allegations will not be credited." *Election Integrity Project Cal., Inc. v. Weber*, 113 F.4th 1072, 1081 (9th Cir. 2024) (cleaned up).

Here, the Complaint fails to allege facts that, if true, would satisfy the second and third requirements of Article III standing.[1] As described below, Plaintiffs have failed to allege facts showing that any of the Federal Defendants' challenged conduct caused any of Plaintiffs' alleged

---

[1] For purposes of this Motion, the State Intervenors assume *arguendo* that at least one Plaintiff has pled sufficient facts to show that he or she satisfies the injury-in-fact requirement. However, the State Intervenors specifically reserve the right to challenge that element at a later stage of litigation. For example, many Plaintiffs claim harm from fear or anxiety over climate change. *See, e.g.*, Doc. 1 ("Complaint"), ¶¶ 10, 13, 17, 21-22, 26, 28, 30-32. Other federal courts, when faced with similar climate challenges, have held that fear or anxiety over climate change is not a particularized injury sufficient to obtain standing. Rather, it is the "kind of generalized grievance[ ] brought by concerned citizens that we have consistently held are not cognizable in the federal courts." *Clean Air Council v. United States*, 362 F. Supp. 3d 237, 246 (E.D. Pa. 2019) (quoting *ASARCO Inc. v. Kadish*, 490 U.S. 605, 616 (1989)); *see also id.* ("'[T]he psychological consequence presumably produced by observation of conduct with which one disagrees,' do[es] not provide the kind of particular, direct, and concrete injury that is necessary to confer standing to sue in the federal courts." (quoting *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 485 (1982))). In the event that this Motion is not granted, the State Intervenors also reserve the right to challenge other deficiencies in Plaintiffs' Complaint, including under Rule 12(b)(6).

injuries. Moreover, Plaintiffs have failed to allege facts showing that their requested relief would redress their alleged injuries. Thus, the Court should dismiss the Complaint for lack of standing.

### I. Plaintiffs have failed to allege facts showing that the Federal Defendants' challenged conduct caused Plaintiffs' alleged injuries.

The second element of Article III standing is causation, or traceability. *Bowen*, 118 F.4th at 1142. To satisfy that requirement, a plaintiff must show that her "injuries are fairly traceable to [the defendant's] conduct and not the result of the independent action of some third party not before the court." *Winsor*, 62 F.4th at 525 (quotation omitted). Plaintiffs fail to satisfy the traceability requirement for two interrelated reasons.

*First*, the causal chain underlying Plaintiffs' theories is too attenuated and, under Plaintiffs' theory, rests fundamentally on the independent decisions of third parties not before the Court. The Ninth Circuit has rejected standing theories that rest on "a chain of causation [that] involves numerous third parties whose independent decisions collectively have a significant effect on plaintiffs' injuries," characterizing such a "causal chain [as] too weak to support standing." *Maya v. Centex*

*Corp.*, 658 F.3d 1060, 1070 (9th Cir. 2011). "[T]raceability is lacking" where a plaintiff's "injury is premised on the alleged acts and independent decisions of non-parties to this action[.]" *Cedar Park Assembly of God v. Kreidler*, 130 F.4th 757, 765 (9th Cir. 2025); *see also Washington v. FDA*, 108 F.4th 1163, 1175 (9th Cir. 2024) ("Plaintiffs attempting to show causation generally cannot rely on speculation about the unfettered choices made by independent actors not before the courts." (cleaned up)).

Here, Plaintiffs do not challenge greenhouse gas ("GHG") emissions by the Federal Defendants themselves. *See generally* Complaint. Instead, Plaintiffs challenge alleged actions and inaction that (in Plaintiffs' view) will impact whether independent third parties emit GHGs. *See generally id.* Indeed, Plaintiffs largely rely on an elaborate daisy-chain of causation involving multiple layers of third parties whose independent actions, Plaintiffs speculate, *may* aggregate to cause their alleged harms. That highly attenuated causal chain, which necessarily rests on the independent decisions of third parties not before the Court, cannot establish traceability. *Maya*, 658 F.3d at 1070; *Cedar Park*, 130 F.4th at 765; *Clean Air Council*, 362 F. Supp. 3d at 249 (dismissing

7

similar legal theories based on standing, and explaining that "Plaintiffs fail the traceability prong because the actions they challenge—individually and in aggregate—are, at most, indirect factors in the calculus of rising greenhouse gas emissions.  Plaintiffs simply ignore that Defendant agencies and officers *do not produce* greenhouse gases, but act to regulate those third parties that do: innumerable businesses and private industries.").

Moreover, many of the actions about which Plaintiffs complain would have only the most indirect effect on GHG emissions.  For example, Plaintiffs challenge changes to government websites that remove their preferred climate terminology or that allegedly make certain scientific data less accessible.  *See, e.g.*, Complaint, ¶¶ 136-142.  But it is, at best, highly speculative whether the use of Plaintiffs' preferred terminology or the wider dissemination of certain research would cause *any* GHG emitters to materially reduce their emission levels, let alone a critical mass of emitters sufficient to appreciably impact global GHG levels.  Plaintiffs certainly provide no evidentiary basis to draw such an extraordinary inference.  Under those circumstances, Plaintiffs cannot establish causation.  *See Allen*, 468 U.S. at 758 (holding that plaintiff

lacked standing to challenge federal tax exemption for school that engaged in racial discrimination, because "it is entirely speculative . . . whether withdrawal of a tax exemption from any particular school would lead the school to change its policies"); *see also Namisnak*, 971 F.3d at 1094 (characterizing *Allen* as holding that plaintiff's "injury was not fairly traceable to the IRS's decision to offer a tax exemption because the schools could continue to segregate even if the tax exemption were no longer offered"). Plaintiffs have failed to establish causation for purposes of standing.

*Second*, Plaintiffs fail to link the GHG emissions allegedly caused by the Federal Defendants to the particular injuries that Plaintiffs allege that they will sustain. On this point, the Ninth Circuit's decision in *Washington Environmental Council v. Bellon*, 732 F.3d 1131 (9th Cir. 2013), is dispositive. In *Bellon*, the plaintiffs sought to compel government agencies to impose limitations on GHG emissions from oil refineries. *Id.* at 1135. The plaintiffs claimed that those GHG emissions would exacerbate climate change, which in turn would impose a wide range of health, economic, property, aesthetic, and recreational injuries on the plaintiffs. *Id.* at 1140-41.

While accepting the sufficiency of those alleged injuries, the Ninth Circuit found that the plaintiffs failed to satisfy the causation prong of Article III standing. *Id.* at 1141-46. The court emphasized that "Plaintiffs must show that a causal connection exists between their asserted injuries and the conduct complained of—*i.e.*, the Agencies' failure to [impose GHG emission restrictions]." *Id.* at 1142. The Ninth Circuit concluded that "there is a natural disjunction between Plaintiffs' localized injuries and the greenhouse effect. Greenhouse gases, once emitted from a specific source, quickly mix and disperse in the global atmosphere and have a long atmospheric lifetime." *Id.* at 1143. "Moreover, there are numerous independent sources of GHG emissions, both within and outside the United States, which together contribute to the greenhouse effect." *Id.* at 1143. "Because a multitude of independent third parties are responsible for the changes contributing to Plaintiffs' injuries, the causal chain is too tenuous to support standing." *Id.* at 1144.

Plaintiffs' theories here fail for the same reasons. Although Plaintiffs claim that the Federal Defendants' conduct will increase GHG emissions, the Complaint does not link *those GHG emissions* to Plaintiffs' injuries. As the Ninth Circuit noted, the nature of climate change makes

doing so "a particularly challenging task." *Bellon*, 732 F.3d at 1143.  But *Bellon* demonstrates that the "challenging" nature of this task does not warrant relaxation of Article III standing principles.  Instead, the scope and complexity of the problems that Plaintiffs allege demonstrate that they are most properly addressed by the elected branches of government, not by the federal courts.  "The law of Article III standing serves to prevent the judicial process from being used to usurp the powers of the political branches and confines the federal courts to a properly judicial role." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (cleaned up).

Plaintiffs have failed to plead facts sufficient to satisfy the causation prong of Article III standing, and thus they lack standing to litigate their claims.  The Court should dismiss this case.

## II.    Plaintiffs have failed to allege facts showing that their requested relief would redress their alleged injuries.

Plaintiffs' standing fails for a second, independent reason: they cannot satisfy the redressability requirement for Article III standing. The redressability element requires a plaintiff to demonstrate "that it is likely, as opposed to merely speculative, that a favorable decision will redress their injuries."  *Winsor*, 62 F.4th at 525 (quotation omitted).

"[R]edressability analyzes the connection between the alleged injury and requested judicial relief." *Bellon*, 732 F.3d at 1146.

Here, Plaintiffs' claims rest on alleged future injuries resulting from systematic global climate change, including the risk of floods and wildfires, heatwaves, pulmonary irritation, and climate-based anxiety. *See, e.g.*, Complaint ¶¶ 10-33. Plaintiffs do not claim that these are new phenomena, arising only after the issuance of the challenged Executive Orders. Rather, Plaintiffs insist that they already experience these effects to a large degree, many of them for years. *See id.* Indeed, Plaintiffs claim that, even before the challenged Executive Orders, they "were born into and now live in a destabilized climate system." *Id.* at ¶ 83. Those alleged climate-based injuries are (in Plaintiffs' telling) due to extensive GHG emissions that preceded—and thus were not caused by—the challenged Executive Orders.

However, the only relief that Plaintiffs seek is the invalidation of the challenged Executive Orders. *See* Complaint, Prayer for Relief. Plaintiffs provide no explanation of how that relief would remedy injuries that Plaintiffs are already sustaining and that allegedly result from pervasive global GHG emissions that are not attributable to the

challenged Executive Orders.  Plaintiffs thus have not clearly shown that they are likely to satisfy the redressability prong of Article III standing. *See Murthy*, 603 U.S. at 58.

Even if Plaintiffs rely only on incremental exacerbation of already existing injuries and risks, they cannot establish redressability.  "GHG emissions is not a localized problem endemic to [the United States], but a global occurrence." *Bellon*, 732 F.3d at 1147.  Plaintiffs have provided no factual basis to conclude that, if the Executive Orders were enjoined, the trajectory of global GHG emissions would change in a way that would avert Plaintiffs' alleged injuries.  Given the numerous sources and causes of GHG emissions—particularly international sources over which the United States has no control—that conclusion is most generously described as speculative.  Redressability requires more than "merely speculative" possibility that the requested relief will remedy the plaintiff's injuries. *Winsor*, 62 F.4th at 525 (quotation omitted).

Plaintiffs thus have failed the redressability prong of Article III standing. *Compare Bellon*, 732 F.3d at 1146-47.  The Court should dismiss for lack of standing.

## CONCLUSION

Plaintiffs have failed—for two independent reasons—to satisfy Article III's standing requirement. They have thus failed to properly invoke the Court's jurisdiction in their quest to undermine President Trump's energy agenda. The Court should dismiss the Complaint.

Dated: August 14, 2025        Respectfully Submitted,

**AUSTIN KNUDSEN**
Attorney General of Montana

*/s/Christian B. Corrigan*
Christian B. Corrigan
  *Solicitor General*
Brent Mead
  *Deputy Solicitor General*
Michael D. Russell
  *Assistant Attorney General*
MONTANA DEPARTMENT OF JUSTICE
P.O. Box 201401
Helena, Montana 59620-1401
(406) 444-2026
Christian.Corrigan@mt.gov
Brent.Mead2@mt.gov
Michael.Russell@mt.gov

*/s/ Justin D. Smith*
Justin D. Smith*
JAMES OTIS LAW GROUP, LLC
530 Maryville Centre Drive
Suite 230
St. Louis, Missouri 63141
(816) 678-2103

Justin.Smith@james-otis.com
*Pro hac vice application forthcoming*

*Counsel for State of Montana*


TREG TAYLOR
Attorney General of Alaska

*/s/ David W. Duffy*
David W. Duffy*, Alaska Bar No. 0605016
Assistant Attorney General
Alaska Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Phone: (907) 269-5601
Facsimile: (907) 276-3697
david.duffy@alaska.gov
*Pro hac vice application forthcoming*

*Counsel for State of Alaska*


TIM GRIFFIN
Attorney General of Arkansas

*/s/ Noah P. Watson*
Noah P. Watson*
Deputy Solicitor General
Office of the Arkansas Attorney General
101 West Capitol Avenue
Little Rock, Arkansas 72201
(501) 682-1019
noah.watson@arkansasag.gov
*Pro hac vice application forthcoming*

*Counsel for State of Arkansas*

JAMES UTHMEIER
Attorney General of Florida

Jeffrey P. DeSousa
*Acting Solicitor General*

*/s/ Christine K. Pratt*
Christine K. Pratt*
Assistant Solicitor General
Florida Attorney General's Office
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
Christine.pratt@myfloridalegal.com
* *Pro hac vice application forthcoming*

*Counsel for State of Florida*


CHRISTOPHER M. CARR
Attorney General of Georgia

*/s/ Elijah J. O'Kelley*
Elijah J. O'Kelley*
Deputy Solicitor General
Office of the Georgia Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(470) 816-1342
eokelley@law.ga.gov
* *Pro hac vice application forthcoming*

*Counsel for State of Georgia*


RAÚL R. LABRADOR

16

Attorney General of Idaho

*/s/ Michael A. Zarian*
Michael A. Zarian*
*Deputy Solicitor General*
Office of the Idaho Attorney General
700 W Jefferson St #210
Boise, ID 83720
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
michael.zarian@ag.idaho.gov
* *Pro hac vice application forthcoming*

*Counsel for State of Idaho*


THEODORE E. ROKITA
Attorney General of Indiana

*/s/ James A. Barta*
James A. Barta*
*Solicitor General*
Office of the Attorney General
IGC South, Fifth Floor
302 W. Washington Street
Indianapolis, IN 46204
Phone:  (317) 232-0709
Fax:  (317) 232-7979
Email:  James.Barta@atg.in.gov
* *Pro hac vice application forthcoming*

*Counsel for State of Indiana*


BRENNA BIRD
Attorney General of Iowa

*/s/ Eric H. Wessan*

17

Eric H. Wessan*
*Solicitor General*
1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 823-9117
(515) 281-4209 (fax)
eric.wessan@ag.iowa.gov
* *Pro hac vice application forthcoming*

*Counsel for State of Iowa*


KRIS W. KOBACH
Attorney General of Kansas

*/s/ James R. Rodriguez*
James R. Rodriguez* (KS 29172)
 *Assistant Attorney General*
Kansas Office of the Attorney General
120 SW 10th Avenue, Floor 2
Topeka, Kansas 66612
Phone: (785) 368-8197
jay.rodriguez@ag.ks.gov
* *Pro hac vice application forthcoming*

*Counsel for State of Kansas*


LIZ MURRILL
Attorney General of Louisiana

*/s/ J. Benjamin Aguiñaga*
J. Benjamin Aguiñaga*
 *Solicitor General*
Louisiana Department of Justice
1885 N. Third Street
Baton Rouge, LA 70804
(225) 326-6766

18

AguinagaB@ag.louisiana.gov
* *Pro hac vice application forthcoming*

*Counsel for State of Louisiana*


ANDREW T. BAILEY
Attorney General of Missouri

*/s/ Samuel C. Freedlund*
Samuel C. Freedlund*, #73707MO
  *Deputy Solicitor General*
Office of the Attorney General
815 Olive Street, Suite 200
St. Louis, MO 63101
Tel. (314) 340-7366
Fax (573) 751-0774
Samuel.Freedlund@ago.mo.gov
* *Pro hac vice application forthcoming*

*Counsel for State of Missouri*


MICHAEL T. HILGERS
Attorney General of Nebraska

*/s/ Cody S. Barnett*
Cody S. Barnett*
  *Solicitor General*
Office of the Attorney General
1445 K Street, Rm 2115
Lincoln, Nebraska 68508
(402) 471-2683
cody.barnett@nebraska.gov
* *Pro hac vice application forthcoming*

*Counsel for State of Nebraska*

19

DREW H. WRIGLEY
Attorney General of North Dakota

*/s/ Philip Axt*
Philip Axt*
  *Solicitor General*
600 E. Boulevard Ave., Dept. 125
Bismarck, ND 58505
Phone: (701) 328-2210
Email: pjaxt@nd.gov
* *Pro hac vice application forthcoming*

*Counsel for State of North Dakota*


GENTNER DRUMMOND
Attorney General of Oklahoma

*/s/ Garry M. Gaskins, II*
Garry M. Gaskins, II*
  *Solicitor General*
Jennifer L. Lewis
  *Deputy Attorney General*
Office of the Attorney General of Oklahoma
313 NE Twenty-First St.
Oklahoma City, OK 73105
(405) 521-3921
garry.gaskins@oag.ok.gov
* *Pro hac vice application forthcoming*

*Counsel for State of Oklahoma*


MARTY J. JACKLEY
Attorney General of South Dakota

*/s/ Amanda Miiller*

By: Amanda Miiller*, SD Bar No. 4271
  *Deputy Attorney General*
1302 East Highway 14, Suite 1
Pierre, SD 57501-8501
Telephone: (605) 773-3215
amanda.miiller@state.sd.us
* *Pro hac vice application forthcoming*

*Counsel for State of South Dakota*


KEN PAXTON
Attorney General of Texas

Brent Webster
First Assistant Attorney General

Ralph Molina
Deputy First Assistant Attorney General

Austin Kinghorn
Deputy Attorney General for Civil Litigation

Kellie E. Billings-Ray
Chief, Environmental Protection Division

*/s/ Wesley S. Williams*
Wesley S. Williams*
  *Assistant Attorney General*
Texas Bar No. 24108009
Wesley.Williams@oag.texas.gov
OFFICE OF THE ATTORNEY GENERAL
ENVIRONMENTAL PROTECTION DIVISION
P.O. Box 12548 (MC-066)
Austin, Texas 78711-2548
(512) 463-2012 | Fax: (512) 320-0911
* *Pro hac vice application forthcoming*

21

*Counsel for State of Texas*


DEREK E. BROWN
Attorney General of Utah

*/s/ Stanford Purser*
Stanford Purser*
  *Solicitor General*
Office of the Utah Attorney General
160 E. 300 S., 5th floor
Salt Lake City, Utah 84111
(801) 366-0533
spurser@agutah.gov
*** Pro hac vice application forthcoming*

*Counsel for State of Utah*


JOHN B. MCCUSKEY
Attorney General of West Virginia

*/s/ Michael R. Williams*
Michael R. Williams*
  *Solicitor General*
Office of the Attorney General
of West Virginia
State Capitol Complex
Building 1, Room E-26
1900 Kanawha Blvd. E
Charleston, WV 25301
(304) 558-2021
michael.r.williams@wvag.gov
*** Pro hac vice application forthcoming*

*Counsel for State of West Virginia*

KEITH G. KAUTZ
Attorney General of Wyoming

*/s/ Ryan Schelhaas*
Ryan Schelhaas*
  *Chief Deputy Attorney General*
Office of the Wyoming Attorney General
109 State Capitol
Cheyenne, WY 82002
(307) 777-5786
ryan.schelhaas@wyo.gov
* *Pro hac vice application forthcoming*

*Counsel for the State of Wyoming*


DOUGLAS B. MOYLAN
Attorney General of Guam

*/s/ Douglas B. Moylan*
Douglas B. Moylan*
Office of the Attorney General of Guam
590 S. Marine Corps. Drive
ITC Bldg., Ste. 902
Tamuning, Guam 96913, USA
671-475-3324
671-475-4703 (fax)
dbmoylan@oagguam.org
* *Pro hac vice application forthcoming*

*Counsel for the U.S. Territory of Guam*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 14, 2025, I caused a true and correct copy of the foregoing to be filed by the Court's electronic filing system, to be served by operation of the Court's electronic filing system on counsel for all parties who have entered in the case.

*/s/ Christian B. Corrigan*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Brief is compliant with Local Rule 7.1(d)(2)(B) because it contains 2,460 words, according to Microsoft Word, excluding those portions identified in Local Rule 7.1(d)(2)(E).

*/s/ Christian B. Corrigan*