Roger Sullivan
McGARVEY LAW
345 1st Avenue East
Kalispell, MT 59901
(406) 752-5566
rsullivan@mcgarveylaw.com

Philip L. Gregory*
GREGORY LAW GROUP
1250 Godetia Drive
Redwood City, CA 94062
(650) 278-2957
pgregory@gregorylawgroup.com

Julia A. Olson*
Andrea K. Rodgers*
Nathan Bellinger*
OUR CHILDREN'S TRUST
1216 Lincoln St.
Eugene, OR 97401
(415) 786-4825
julia@ourchildrenstrust.org
andrea@ourchildrenstrust.org
nate@ourchildrenstrust.org

Daniel C. Snyder*
Haley Nicholson*
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600
dsnyder@publicjustice.net
hnicholson@publicjustice.net

*Attorneys for Plaintiffs*
*\*Admitted pro hac vice*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION**

| | |
|---|---|
| **EVA LIGHTHISER**; et al.<br><br>                Plaintiffs,<br><br>    v.<br><br>**DONALD J. TRUMP**, in his official capacity as President of the United States; et al.<br><br>                Defendants,<br><br>**STATE OF MONTANA**; et al.<br><br>                Defendant-Intervenors. | Case No: CV-25-54-BU-DLC<br><br>**PLAINTIFFS' NOTICE OF EXPECTED WITNESSES FOR SEPTEMBER 16-17, 2025 HEARING** |

In accordance with this Court's Order (Doc. 31), Plaintiffs hereby give notice of the witnesses they intend to call in support of Plaintiffs' Motion for Preliminary Injunction (Doc. 24) at the September 16-17, 2025, combined hearing.

**EXPERT WITNESSES:**

1. **Lori Byron, MD, MS.**
   a. **Background:** Dr. Byron is a recently-retired pediatric hospitalist with nearly four decades of experience working as a doctor and caring for children who have suffered disruptions to their lives, including from extreme climate events. She was an author on the 2021 report "Climate Change and Human Health in Montana: A Special Report of the Montana Climate," as well as other climate and health publications. Dr. Byron submitted a declaration in support of Plaintiffs' Motion for Preliminary Injunction. Doc. 25-3. A true and correct copy of Dr. Byron's curriculum vitae is attached as Exhibit A to her declaration.
   b. **Expected Testimony:** The expert opinions to which Dr. Byron is expected to testify include but are not limited to the following: How Plaintiffs' health and lives are already being harmed by fossil fuel pollution and extreme weather conditions caused by climate change; how unleashing more fossil fuels and blocking renewable energy exacerbates Plaintiffs' injuries and creates others; the long-lasting harm to Plaintiffs resulting from exposure to extreme weather events and fossil fuel pollution; and the immediate benefits to Plaintiffs' health and lives, and the public interest, from a reduction in fossil fuel pollution. Dr. Byron will also respond, as warranted, to opinions within her areas of expertise offered by expert witness(es), if any, called by Defendants or Defendant-Intervenors at the hearing.

2. **Geoffrey Heal, Ph.D.**
   a. **Background:** Dr. Heal is a Professor Emeritus at Columbia University and holds joint appointments in the Graduate School of Business and the School of International and Public Affairs. Dr. Heal is a widely recognized specialist in the economics of energy and the environment and has published eighteen books and over 250 refereed articles in these fields. He served as a Coordinating Lead Author of the 2013 Report of the Intergovernmental Panel on Climate Change (IPCC) and a member of the High-Level Commission on Carbon Prices. Dr. Heal submitted a declaration in support of Plaintiffs'

1

Motion for Preliminary Injunction. Doc. 25-5. A true and correct copy of Dr. Heal's curriculum vitae is attached as Exhibit A to his declaration.

   b. **Expected Testimony:** The expert opinions to which Dr. Heal is expected to testify include but are not limited to the following: There is no national energy emergency or need for fossil fuel unleashing to justify the challenged Executive Orders; the challenged Executive Orders are counter-productive to combating high energy prices, increasing our Nation's energy security, strengthening trade relations with allies, and ensuring a reliable supply of energy; and renewable energy is the least expensive form of energy available today. Dr. Heal will also respond, as warranted, to opinions within his areas of expertise offered by expert witness(es), if any, called by Defendants or Defendant-Intervenors at the hearing.

3. **Mark Jacobson, Ph.D.**
    a. **Background:** Dr. Jacobson is a Professor of Civil and Environmental Engineering at Stanford University, a Senior Fellow at the Woods Institute for the Environment, and a Senior Fellow at the Precourt Institute for Energy. He has been researching the human health, weather, and climate impacts of greenhouse gas emissions and particles from fossil fuel air pollution since 1989. Since 1999, Dr. Jacobson began researching, and has since prepared, roadmaps to transition each of the 50 United States and 149 countries to 100% clean renewable energy by 2050. Dr. Jacobson submitted a declaration in support of Plaintiffs' Motion for Preliminary Injunction. Doc. 25-6. A true and correct copy of Dr. Jacobson's curriculum vitae is attached as Exhibit A to his declaration. Dr. Jacobson also submitted a Supplemental Declaration responding to Defendants' opposition to Plaintiffs' Motion for Preliminary Injunction. Doc. 38-1.
    b. **Expected Testimony:** The expert opinions to which Dr. Jacobson is expected to testify include but are not limited to the following: Renewable energy sources are reliable and can meet all our Nation's energy needs; there is no scientific basis to find that renewables are unreliable; the challenged Executive Orders undermine our Nation's energy security; unleashing fossil fuels will increase the number of deaths and illnesses from direct air pollution, injuring the health and economic wellbeing of Plaintiffs; and the U.S. does not need to rely on China to produce renewable energy. Dr. Jacobson will also respond, as warranted, to opinions within his areas of expertise offered by expert witness(es), if any, called by Defendants or Defendant-Intervenors at the hearing.

4. **John Podesta, J.D.**
    a. **Background:** Mr. Podesta is the Chair of the Board for the Center for American Progress (which he founded), and a Distinguished Visitor from Practice at Georgetown University Law Center. Mr. Podesta has years of high-level expertise preparing, reviewing, and implementing Executive Orders, including collaborating with federal agencies on implementation. He is an expert on the mechanics of Executive Orders and the means by which they are implemented across the federal government. Mr. Podesta also has decades of experience working on federal climate and energy policies and initiatives across executive agencies, including for three former Presidents. Most recently, from 2022-24, Mr. Podesta was Senior Advisor to the President for Clean Energy Innovation and Implementation. From 2024-25 he was a Senior Advisor to the President for International Climate Policy.
    b. **Expected Testimony:** The expert opinions to which Mr. Podesta is expected to testify include but are not limited to the following: How executive orders are developed and implemented by executive agencies and officials; how the challenged Executive Orders and their implementation are effectuating plans to dismantle federal agencies and scientific research in order to unleash fossil fuels; the critical role the federal government plays in climate research and science and the consequences of the federal government's ongoing efforts to undermine climate science, pollution control, and renewable energy; the importance of unbiased scientific expertise and advice to the integrity of federal regulatory decision making; the immediate dangers to Plaintiffs and the public from Defendants' rapid dismantling of federal scientific institutions, efforts to re-write climate and energy science, and efforts to rescind numerous federal regulations including Defendant EPA's GHG Endangerment Finding. Mr. Podesta will also respond, as warranted, to opinions within his areas of expertise offered by expert witness(es), if any, called by Defendants or Defendant-Intervenors at the hearing.

5. **Steven Running, Ph.D.**
    a. **Background:** Dr. Running is a University Regents Professor Emeritus of Global Ecology in the College of Forestry and Conservation with the University of Montana. Dr. Running has been actively engaged in climate change science research since the 1980s. Dr. Running has worked as an Earth Systems scientist with many federal agencies throughout his career, helped prepare the USGCRP Third National Climate Assessment, and was a chapter Lead Author for 4th Assessment of the Intergovernmental Panel on Climate Change (IPCC) in 2007, which shared the Nobel Peace Prize with Al Gore. Dr. Running submitted a declaration in support of Plaintiffs' Motion for

    Preliminary Injunction. Doc. 25-24. A true and correct copy of Dr. Running's curriculum vitae is attached as Exhibit A to his declaration.

    b. **Expected Testimony:** The expert opinions to which Dr. Running is expected to testify include but are not limited to the following: There is >99.9% scientific consensus that burning fossil fuels causes climate change and no credible science to the contrary; climate change impacts are already harming Plaintiffs; every additional ton of carbon dioxide pollution caused by the unleashing of fossil fuels pursuant to the challenged Executive Orders worsens climate change, exacerbates Plaintiffs' injuries, and increases the risk that Plaintiffs will suffer future imminent injury; and consistent with the challenged Executive Orders, Defendants are actively dismantling climate science, which causes further harm to Plaintiffs, the public's interest, and will result in a harmful gap in scientific knowledge. Dr. Running will also respond, as warranted, to opinions within his areas of expertise offered by expert witness(es), if any, called by Defendants or Defendant-Intervenors at the hearing.

**FACT WITNESSES**

6. **Plaintiff I.H.**
   a. **Background:** I.H. is seventeen years old and is a resident of Missoula, Montana, where he attends high school.
   b. **Expected Testimony:** I.H. is expected to testify regarding, among other things, how I.H.'s physical and mental health, home, and ability to recreate outdoors and participate in sports are already harmed by wildfires, wildfire smoke, extreme heat, and changing precipitation patterns and will be made worse by the Executive Orders.

7. **Nicole Hughes, MA**
   a. **Background**: Ms. Hughes is Executive Director of Renewable Northwest. She has over 20 years of experience in the renewable energy industry, including work in project development, construction, finance, permitting and policy for utility-scale wind and solar. She also has experience in management of utility scale energy development projects and policy development for national, state and local organizations.
   b. **Expected Testimony:** Ms. Hughes is expected to testify regarding, among other things, how federal Defendants have been obstructing the permitting and development of renewable energy projects since January 20, 2025; how businesses are harmed by Defendants' efforts to obstruct renewable energy projects; the strong market demand for more, not fewer, renewable energy

projects; and how investments in renewable energy projects have changed since January 20, 2025 as a result of Defendants' conduct under the Executive Orders, and the long-term impacts for future renewable energy development.

8. **Plaintiff J.K.**
   a. **Background:** J.K. is eleven years old, was born and lived in Montana until he was seven, and now lives in Upland, California. J.K.'s mother and legal guardian, Laura Anderson, submitted a declaration on behalf of J.K. and his younger brother, N.K., in support of Plaintiffs' Motion for Preliminary Injunction. Doc. 25-18.
   b. **Expected Testimony:** J.K. is expected to testify regarding, among other things, how his health, safety, and education have been and will be harmed and disrupted by wildfires and extreme heat and what it would mean for J.K.'s and his brother's health and safety for those pre-existing harms to be worsened rather than alleviated.

9. **Plaintiff Joseph Lee**
   a. **Background:** Joseph is nineteen years old and is a resident of California, where he attends college. Joseph submitted a declaration in support of Plaintiffs' Motion for Preliminary Injunction. Doc. 25-13.
   b. **Expected Testimony:** Joseph is expected to testify regarding, among other things, how his physical and mental health and safety are being and will be harmed by additional amounts of life-threatening fossil fuel pollution, heat, and wildfire smoke; and how the dismantling of climate research and scientific institutions endangers his health and life and has resulted in lost educational and career opportunities.

10. **Plaintiff J.M.**
    a. **Background:** J.M. is seventeen years old and is a resident of Livingston, Montana, where she attends high school. J.M. submitted a declaration in support of Plaintiffs' Motion for Preliminary Injunction. Doc. 25-21.
    b. **Expected Testimony:** J.M. is expected to testify regarding, among other things, how J.M.'s health, safety, home, and family business will be increasingly harmed by wildfires, floods, and declining snow with fossil fuel unleashing; how she is directly harmed by air pollution from fossil fuels, including coal trains and diesel school buses in her community; and her efforts to get new electric buses for her school that have been blocked by Defendants' challenged Executive Orders.

11. **Plaintiff Avery McRae**
    a. **Background:** Avery is twenty years old, a resident of Eugene, Oregon, and attends college in central Florida. Avery submitted a declaration in support of Plaintiffs' Motion for Preliminary Injunction. Doc. 25-9.
    b. **Expected Testimony:** Avery is expected to testify regarding, among other things, how her health, safety and her familial culture and family formation are being and will be harmed by worsening climate change, including wildfires, wildfire smoke, and hurricanes; the economic hardship and educational disruptions that Avery will experience with more fossil fuel unleashing; how she has relied on climate science and data from the federal government that she can no longer access and the related lost educational opportunities; and how the challenged Executive Orders harm her mental health.

Plaintiffs reserve the right to amend or supplement this notice, to call additional or rebuttal witnesses, or to have the disclosed witnesses testify on additional topics as warranted in response to Defendants'/Defendant-Intervenors' arguments or witnesses.

DATED this 2nd day of September, 2025.

> Respectfully submitted,
>
> */s/ Julia A. Olson*
> Julia A. Olson
> Andrea K. Rodgers
> Nathan Bellinger
> OUR CHILDREN'S TRUST
> 1216 Lincoln St.
> Eugene, OR 97401
> (415) 786-4825
> julia@ourchildrenstrust.org
> andrea@ourchildrenstrust.org
> nate@ourchildrenstrust.org

Roger Sullivan
McGARVEY LAW
345 1st Avenue East
Kalispell, MT 59901
(406) 752-5566
rsullivan@mcgarveylaw.com

Philip L. Gregory
GREGORY LAW GROUP
1250 Godetia Drive
Redwood City, CA 94062
(650) 278-2957
pgregory@gregorylawgroup.com

Daniel C. Snyder
Haley Nicholson
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600
dsnyder@publicjustice.net
hnicholson@publicjustice.net