Adam R.F. Gustafson
 *Acting Assistant Attorney General*
Robert N. Stander
 *Deputy Assistant Attorney General*
Environment & Natural Resources Div.
United States Department of Justice

Michael S. Sawyer
Erik Van de Stouwe
Natural Resources Section
Miranda Jensen
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044-7611
Tel:   (202) 514-5273
         (202) 305-0247
 (202) 598-3071
E-mail: michael.sawyer@usdoj.gov
          erik.van.de.stouwe@usdoj.gov
          miranda.jensen@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| **EVA LIGHTHISER**; et al.<br>　　　　　　Plaintiffs,<br><br>v.<br><br>**DONALD J. TRUMP**, in his official capacity as President of the United States; et al.<br>　　　　　　Defendants. | Case No: CV-25-54-BU-DLC<br><br>**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION IN LIMINE** |

1

In advance of the hearing scheduled to begin on September 16, 2025, Federal Defendants move to exclude the testimony of Plaintiffs' proposed new witnesses: John Podesta and Nicole Hughes. Plaintiffs oppose the motion; Intervenor-Defendants do not oppose the motion.

## BACKGROUND

On June 13, 2025, Plaintiffs moved for a preliminary injunction stating that the "grounds for this motion are set forth in the . . . supporting declarations submitted herewith." ECF No. 24. And Plaintiffs supported that motion with twenty-five declarations, including eleven expert declarations, ECF No. 25. As Plaintiffs requested an evidentiary hearing, ECF No. 24, the Court directed the Parties to provide notice of the anticipated length of the hearing, ECF No. 26. The Parties submitted their respective positions on hearing length and scope. *See* ECF Nos. 29, 30. And given the substantial number of declarants presented by Plaintiffs' motion, Defendants requested that "the Parties be required to identify which of their witnesses will be offering live testimony at least two weeks in advance of the hearing, so that opposing counsel can prepare cross examination." ECF No. 30, at 3. The Court thus directed that "the parties shall file a notice of any expected witness testimony on or before September 2, 2025." ECF No. 31.

Although Plaintiffs identified which nine of their twenty-five declarants would provide live testimony, they also identified two entirely new witnesses—

John Podesta and Nicole Hughes. Plaintiff's Notice for Expected Witnesses for September 16–17, 2025 Hearing, ECF No. 59 (Witness Notice). Neither has offered a declaration, report, or any other form of written testimony; instead, Plaintiffs have provided only short blurbs summarizing the topics on which these witnesses might testify.

Mr. Podesta was listed as an expert witness and Plaintiffs intend to elicit testimony on a range of topics about government and climate, including "how executive orders are developed and implemented by executive agencies and officials, and "how the challenged Executive Orders and their implementation are effectuating plans to dismantle federal agencies and scientific research in order to unleash fossil fuels[.]" Witness Notice 3. Ms. Hughes plans to testify about "how federal Defendants have been obstructing the permitting and development of renewable energy projects since January 20, 2025[.]" *Id*. For both witnesses, Plaintiffs provide language indicating that the witness testimony may exceed even the very broad topics they disclosed. *See e.g., id*. at 3. ("opinions…include but are not limited to the following[.]").

## LEGAL STANDARD

A motion in limine may be brought "to exclude anticipated prejudicial evidence before the evidence is actually offered," *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984), including evidence to be offered at preliminary injunction

3

hearings, *Clark v. Holbrook Unified Sch. Dist. No. 3 of Navajo Cnty.*, 703 F. Supp. 56, 58 (D. Ariz. 1988).

## ARGUMENT

1. Plaintiffs impermissibly attempt to use new expert testimony to patch legal holes in their case.

When Plaintiffs moved for a preliminary injunction nearly three months ago, they advanced the theory that three Executive Orders (EOs), EO 14154, EO 14156, and EO 14261, "block renewable energy, and terminate congressionally mandated climate change science and research." *Pls.' Br. in Supp. of their Mot. for a Prelim. Inj.* 1, ECF No. 25. In response, Defendants explained that the plain language of the challenged EOs does not mention renewable energy (except for advancing geothermal energy, hydropower, and critical minerals used to build other renewable technologies); nor do the EOs mention climate science. *See Defs.' Br. in Opp'n to Pls' Mot. for a Prelim. Inj.* 5–9, ECF No. 34. In the ensuing months, Plaintiffs have not offered any legal support connecting the challenged EOs to their theory of harm.

Plaintiffs now proffer an eleventh-hour witness to fill this gap with "expert" testimony that is either impermissible or irrelevant. Plaintiffs plan to solicit testimony from Mr. Podesta, a lawyer, regarding "[h]ow executive orders are developed and implemented by executive agencies and officials," and "how the challenged Executive Orders and their implementation are effectuating plans to

dismantle federal agencies and scientific research." Witness Notice 3. To the extent Plaintiffs intend to solicit Mr. Podesta's opinion about the meaning of the challenged EOs, that testimony would violate the prohibition on legal opinion testimony. *Kaffaga v. Est. of Steinbeck*, 938 F.3d 1006, 1016 n.6 (9th Cir. 2019). The interpretation of "executive orders," like treaties and statutes, "is a question of law, reviewed de novo" by the Ninth Circuit. *United States v. Idaho*, 210 F.3d 1067, 1072 (9th Cir. 2000), *aff'd*, 533 U.S. 262 (2001) (citing *United States v. Washington,* 157 F.3d 630, 642 (9th Cir. 1998)).  Because "an expert witness cannot give an opinion as to her *legal conclusion*," *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004), Mr. Podesta should not be allowed to offer any opinions about how the EOs should be interpreted.

    Nor may Mr. Podesta provide any relevant extrinsic testimony about the challenged EOs. To interpret EOs, courts "start with the language of the Order" and go no further when "the language of the Order is clear." *Am. Fed'n of Gov't Emps., AFL-CIO (AFGE), Council 147 v. Fed. Lab. Rels. Auth.*, 204 F.3d 1272, 1276 (9th Cir. 2000). And when the "text says nothing" about a particular topic, courts reject evidentiary efforts to shoehorn extrinsic evidence into the judicial review of a Presidential order. *Trump v. Hawaii*, 585 U.S. 667, 701–02, 706 (2018) (rejecting attempts to inject "extrinsic statements" about religion into the judicial review of "a Presidential directive" that "is facially neutral toward religion").

5

Because Mr. Podesta cannot provide legal opinion testimony—and any other testimony about the challenged EOs is irrelevant—the Court should preclude his testimony on the challenged EOs.

2.  Surprise testimony is not allowed at preliminary injunction hearings.

A preliminary injunction hearing is not an opportunity for surprise testimony. The Ninth Circuit has held that it is reversible error for a district court to permit expert and fact witnesses to testify at a preliminary injunction hearing, if those witnesses were not previously disclosed. *Scott & Fetzer Co. v. Dile*, 643 F.2d 670, 673–74 (9th Cir. 1981) (procedural rules were "intended to ensure proper litigation . . . by making the trial less a game of blindsman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent" (citing *Goldman v. Checker Taxi Co.*, 325 F.2d 853, 855 (7th Cir. 1963)). The court recognized that "the need for preparation for effective cross-examination is even more compelling where expert testimony is involved" in a preliminary injunction hearing. *Scott & Fetzer Co.*, 643 F.2d at 673.

Federal Rule of Civil Procedure 6(c)(2) incorporates this testimonial disclosure principle by requiring that supporting affidavits be served with the motion. Plaintiffs purported to abide by this rule when they represented that the "grounds for this motion are set forth in the . . . supporting declarations submitted herewith." ECF No. 24." But Plaintiffs did not provide any written testimony from

6

Mr. Podesta or Ms. Hughes. Nor did their preliminary injunction motion disclose that it might be supported by additional testimony beyond the "supporting declarations submitted herewith." ECF No. 24. And Plaintiffs' blurbs about the "expected testimony" of Mr. Podesta and Ms. Hughes do not adequately disclose their testimony—however belatedly—as they merely identify topics the testimony might cover, without disclosing the opinions or methodologies those witnesses might proffer.[1] For this reason alone, the Court should strike these witnesses. *See Seafreeze Shoreside, Inc. v. U.S. Dep't of the Interior*, No. 1:22-cv-11091, ECF No. 132 (D. Mass. May 22–23, 2023) (striking belated testimony offered in support of preliminary injunction motion for violating Rule 6(c)(2)).

Because Plaintiffs have provided no explanation—much less an adequate explanation—for their failure to provide declarations from Mr. Podesta and Ms. Hughes with their motion, they should be precluded from offering testimony from these witnesses at the impending evidentiary hearing.

---

[1] Though Plaintiffs label Ms. Hughes a fact witness, they plan to solicit quasi-expert testimony from Ms. Hughes about "market demand" for renewable energy and the "long-term impacts" of Defendants' conduct on "future renewable energy development." Such testimony is "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.*, No. 2:06-CVB-2879 GEBKJM, 2008 WL 2441067, at *2 (E.D. Cal. June 13, 2008) (quoting Fed. R. Civ. P. 701)). Because "expert witnesses are limited to their properly disclosed opinions," *Cusack v. BendPak, Inc.*, No. 4:17-CV-00003-DCN, 2018 WL 4390715, at *2 (D. Idaho Sept. 13, 2018), Ms. Hughes undisclosed opinions and testimony should be precluded.

      3.  Admitting the testimony of Mr. Podesta and Ms. Hughes would severely prejudice Defendants.

Defendants do not know what methodologies, studies, reports, or other publications serve as the basis for Mr. Podesta's or Ms. Hughes' opinions about the challenged EOs. Absent court intervention, Defendants will need to wait for the hearing to learn what Mr. Podesta opines are the "consequences" of unspecified "efforts to undermine climate science" or from the dismantling of unspecified "federal scientific institutions" and unnamed "numerous federal regulations," as well as Mr. Podesta's methodology for concluding that those efforts are required by the challenged EOs. Witness Notice 3. So too with Ms. Hughes, who plans to reveal at the hearing what actions "obstructing the permitting and development of renewable energy projects" Defendants have allegedly taken, and what data she will rely on for her testimony regarding the "long-term impacts for future renewable energy development." *Id*. at 4. This withholding of testimony inflicts extreme prejudice on Defendants. *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 863 (9th Cir. 2014) ("The last thing a party or its counsel wants in a hotly contested lawsuit is to make last-minute preparations and decisions on the run.").

Given this information deficit, Defendants are unable to meaningfully prepare to cross-examine Mr. Podesta or Ms. Hughes. As the Ninth Circuit has

observed, in the preliminary injunction hearing context, "the need for preparation for effective cross-examination is even more compelling where expert testimony is involved." *Scott & Fetzer Co.*, 643 F.2d at 673. Only by excluding the testimony of Mr. Podesta and Ms. Hughes can the Court remedy the prejudice that Defendants would otherwise face. *Id*.

## CONCLUSION

For the foregoing reasons, the Court should grant the motion in limine and exclude the testimony of Plaintiffs' two new witnesses.

Respectfully submitted on this 10th day of September, 2025.

ADAM R. F. GUSTAFSON
Acting Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

*/s/ Michael S. Sawyer*
Michael S. Sawyer
Erik Van de Stouwe
Natural Resources Section
Miranda Jensen
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 514-5273 (Sawyer)
Tel: (202) 305-0247 (Van de Stouwe)
Tel: (202) 598-3071 (Jensen)
michael.sawyer@usdoj.gov
erick.van.de.stouwe@usdoj.gov
miranda.jensen@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(d)(2)(E), I certify that the foregoing brief has a word count of 1,724 words, excluding the portions exempted by L.R. 7.1(d)(2)(E).

*/s/ Michael S. Sawyer*