Roger Sullivan
McGARVEY LAW
345 1st Avenue East
Kalispell, MT 59901
(406) 752-5566
rsullivan@mcgarveylaw.com

Philip L. Gregory*
GREGORY LAW GROUP
1250 Godetia Drive
Redwood City, CA 94062
(650) 278-2957
pgregory@gregorylawgroup.com

Julia A. Olson*
Andrea K. Rodgers*
Nathan Bellinger*
OUR CHILDREN'S TRUST
1216 Lincoln St.
Eugene, OR 97401
(415) 786-4825
julia@ourchildrenstrust.org
andrea@ourchildrenstrust.org
nate@ourchildrenstrust.org

Daniel C. Snyder*
Haley Nicholson*
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600
dsnyder@publicjustice.net
hnicholson@publicjustice.net

*Attorneys for Plaintiffs*
*\*Admitted pro hac vice*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION**

| | |
|---|---|
| **EVA LIGHTHISER**; et al.<br>　　　　　Plaintiffs,<br><br>　v.<br><br>**DONALD J. TRUMP**, in his official capacity as President of the United States; et al.<br>　　　　　Defendants.<br><br>**STATE OF MONTANA**; et al.<br>　　　　　Defendant-Intervenors. | Case No: CV-25-54-BU-DLC<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO PRIME MOVER INSTITUTE'S MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF** |

Pursuant to Local Rule 7.5(b)(3), Plaintiffs respond to and oppose Prime Mover Institute's ("PMI") Motion for Leave to File Amicus Curiae Brief. Doc. 56. PMI seeks leave from this Court to improperly dispute the credibility of Dr. Lise Van Susteren, an expert who filed a declaration in support of Plaintiffs' Motion for Preliminary Injunction, when neither Defendants nor Defendant-Intervenors have raised such an issue.[1] Plaintiffs request this Court deny PMI's motion because PMI intends to raise arguments unfit for an amicus brief, the parties have the ability to address the issues PMI intends to raise, and granting the motion would be prejudicial to Plaintiffs.

Our judicial system relies on the party-presentation rule, which requires that "in the first instance and on appeal . . . we rely on the parties to frame the issues for decision." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (rejecting Ninth Circuit holdings that were based on amicus briefing, rather than the parties' briefing). Thus, when courts permit amicus briefs in a case, the briefs' role is "supplementing the efforts of counsel and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982). "The scope of amicus briefs, however, should be

---

[1] It is worth noting that Dr. Van Susteren was previously qualified as an expert in *Held v. Montana*, No. CDV-2020-307 (Mont. 1st Jud. Dist. Ct.), where the trial court relied on her testimony in reaching its decision. *See* Van Susteren Decl., Doc. 25-23 ¶¶ 3–11.

limited to the issues raised by the parties." *California by & through Becerra v. United States Dep't of the Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019). Amici are "consistently precluded from initiating legal proceedings, filing pleadings, or otherwise participating and assuming control of the controversy in a totally adversarial fashion." *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991) (relying in part on *Silverberg v. Indus. Comm'n*, 128 N.W.2d 674, 680 (1964), which held that "challeng[ing] the validity of testimony in the record . . . . is not a proper function of *amicus curiae*.").

PMI seeks leave to file an amicus brief that would improperly raise an evidentiary objection for the first time, in direct contravention of the party-presentation rule. Although PMI frames its argument as one relating to standing, its argument that "[t]he declaration of Dr. Van Susteren should not be credited" is an evidentiary objection. Doc. 56 at 3. Such objections fall within the purview of the parties, not amici. Both Defendants and Defendant-Intervenors had the opportunity to challenge the credibility of Dr. Van Susteren's testimony in their opposition briefs to Plaintiffs' Motion for Preliminary Injunction. They failed to do so. They also could have identified witnesses to call during the hearing on September 17 and 18 had they wished to contest Dr. Van Susteren's credibility as an expert or respond to her testimony. As it stands, Dr. Van Susteren's testimony and credibility are uncontested by both the Defendants and Defendant-Intervenors. PMI's dissatisfaction with how

2

the federal government elected to defend this case does not entitle it to usurp the party-presentation rule.

PMI has also failed to show "why the parties cannot adequately address the matter" it raises. L.R. 7.5(b)(2)(D). PMI asserts that Dr. Van Susteren's credibility was "overlooked" by the Defendants, Doc. 56 at 4, but that does not answer the question of whether the Defendants *can* adequately address any concerns about the credibility of Dr. Van Susteren; they clearly can, but chose not to do so. The Defendants here are the federal government, and the Defendant-Intervenors are nineteen state governments and the territory of Guam. They have significant resources including access to witnesses, funding, and legal expertise. They are fully capable of raising evidentiary objections and challenging the credibility of experts should they desire to do so. In its motion, PMI even concedes there will be future opportunities for the parties to challenge witnesses' credibility. Doc. 56 at 4. Parties may have made strategic decisions to raise, or not raise, credibility challenges at this time, especially when considering the relaxed evidentiary standards at the preliminary injunction stage of a case.[2] This Court should not permit PMI to inject 11th hour evidentiary objections through amicus briefing that could have been addressed by the parties.

---

[2] *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189 (9th Cir. 2024) ("Federal Rules of Evidence do not strictly apply in the preliminary injunction context.").

3

Moreover, PMI's proposed amicus brief would prevent Plaintiffs from addressing a newly raised issue of an expert's credibility just days before the hearing on Plaintiffs' motion for preliminary injunction. Allowing PMI to raise this issue right before (or even after) the hearing would prejudice Plaintiffs. Dr. Van Susteren was not identified as a witness for the September hearing and therefore, Plaintiffs would have no opportunity to rebut attacks on her credibility or to present live testimony confirming her expert qualifications.

Based on the forgoing, this Court should reject PMI's motion for leave to file an amicus brief.

DATED this 11th day of September, 2025.

>Respectfully submitted,
>
>*/s/ Roger Sullivan*
>Roger Sullivan
>McGARVEY LAW
>345 1st Avenue East
>Kalispell, MT 59901
>(406) 752-5566
>rsullivan@mcgarveylaw.com
>
>Julia A. Olson
>Andrea K. Rodgers
>Nathan Bellinger
>OUR CHILDREN'S TRUST
>1216 Lincoln St.
>Eugene, OR 97401
>(415) 786-4825
>julia@ourchildrenstrust.org

andrea@ourchildrenstrust.org
nate@ourchildrenstrust.org

Philip L. Gregory
GREGORY LAW GROUP
1250 Godetia Drive
Redwood City, CA 94062
(650) 278-2957
pgregory@gregorylawgroup.com

Daniel C. Snyder
Haley Nicholson
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600
dsnyder@publicjustice.net
hnicholson@publicjustice.net

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(d)(2)(E), I certify that the foregoing brief has a word count of 918 words, excluding the portions exempted by L.R. 7.1(d)(2)(E).

*/s/ Roger Sullivan*
Roger Sullivan