IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| EVA LIGHTHISER; *et al.*, | CV 25–54–BU–DLC |
| Plaintiffs, | |
| v. | ORDER |
| DONALD J. TRUMP, in his official capacity as President of the United States; *et al.*, | |
| Defendants, | |
| STATE OF MONTANA, *et al.*, | |
| Defendant-Intervenors. | |

Before the Court is Prime Mover Institute's ("PMI") Motion for Leave to file *Amicus Curiae* Brief (Doc. 56) and Paul B. Simon's Motion to Appear Pro Hac Vice as counsel for PMI (Doc. 57). Plaintiffs oppose the Motion for Leave to File. (Doc. 70.) For the reasons herein, the Motions will be denied.

The judicial system relies on the party-presentation rule, which requires that "in the first instance and on appeal . . . we rely on the parties to frame the issues for decision." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020). Therefore, when courts permit amicus briefs, the briefs' role is "supplementing the efforts of counsel and drawing the court's attention to law that escaped consideration."

1

*Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982). "The scope of amicus briefs, however, should be limited to the issues raised by the parties." *California by & through Becerra v. United States Dep't of the Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019). Amici are "consistently precluded from initiating legal proceedings, filing pleadings, or otherwise participating and assuming control of the controversy in a totally adversarial fashion." *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991).

PMI consists of energy policy professionals and attorneys who work in the regulatory process, judicial system, and public education and policymaking. (Doc. 56 at 2.) PMI is dedicated to producing more energy in America. (*Id*.) PMI seeks to file an amicus curiae brief in this matter to address an issue that it believes has been neglected by the Parties. (*Id*.) Specifically, PMI seeks to address Plaintiffs' claims with respect to climate anxiety as well as contest the declaration of Dr. Lise Van Susteren. (*Id.* at 2–3.) PMI argues that its brief will assist the Court in assessing these issues and, if necessary, in a Federal Rule of Civil Procedure 56(c) determination regarding admissibility of Dr. Van Susteren's declaration. (*Id.* at 4.)

In response, Plaintiffs ask this Court to deny PMI's Motion for Leave because the organization intends to raise arguments unfit for an amicus brief, the parties can address issues PMI intends to raise, and granting the motion would be prejudicial to Plaintiffs. (Doc. 70 at 2.) The Court agrees. The credibility of Dr.

Van Susteren is not disputed; amicus cannot, at this late hour, inject evidentiary objections that could have easily been addressed by the Parties, should they have chosen to do so. The subject amicus wishes to raise is not an appropriate subject of an amicus brief, and permitting such a filing at this stage in the litigation would be prejudicial to Plaintiffs.

Accordingly, for the reasons stated above,

IT IS ORDERED that the Motion for Leave to File an Amicus Curiae Brief (Doc. 56) is DENIED.

IT IS FURTHER ORDERED that the Motion for Admission Pro Hac Vice (Doc. 57) is DENIED.

DATED this 15th day of September, 2025.

_____
Dana L. Christensen, District Judge
United States District Court