IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| EVA LIGHTHISER; *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States; *et al.*, <br><br> Defendants, <br><br> STATE OF MONTANA, *et al.*, <br><br> Defendant-Intervenors. | CV 25–54–BU–DLC <br><br><br> ORDER |

Before the Court is Defendants' Motion in Limine to exclude testimony of John Podesta and Nicole Hughes at the hearing set for September 16 and 17, 2025. (Doc. 65.) The Court will deny the Motion and permit the testimony.

A motion in limine may be brought "to exclude anticipated prejudicial evidence before the evidence is actually offered," *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984), including evidence to be offered at preliminary injunction hearings, *Clark v. Holbrook Unified Sch. Dist. No. 3 of Navajo Cnty.*, 703 F. Supp. 56, 58 (D. Ariz. 1988). The Ninth Circuit has held that it may be reversible error for a district court to permit expert and fact witnesses to testify at a preliminary

1

injunction hearing if those witnesses were not previously disclosed. *See Scott & Fetzer Co. v. Dile*, 643 F.2d 670, 673–74 (9th Cir. 1981).

Defendants argue that Plaintiffs impermissibly attempt to use new expert testimony to patch legal holes in their case, and that surprise testimony is not permitted at preliminary injunction hearings. (Doc. 66 at 4–6.) Pursuant to this Court's Order (Doc. 31), Plaintiffs provided notice of expected witness testimony on September 2, 2025. (Doc. 59.) At issue here, Plaintiffs' Notice identified two witnesses—Mr. Podesta and Ms. Hughes—who had not previously submitted a declaration or affidavit. (*Id.*) Plaintiffs' Notice did, however, include a short summary of the topics on which these witnesses may testify. (*See id.*)

In consideration of the above, the Court finds that Plaintiffs' September 2, 2025, Notice constitutes adequate disclosure of the intended testimony of Ms. Hughes and Mr. Podesta such that Defendants will not suffer prejudice. Though the summaries provided in the September 2 Notice may not be as thorough as a declaration, the Court finds them sufficient to conduct meaningful examination. Moreover, Plaintiffs' reply to Defendant-Intervenors' Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction, filed shortly after Federal Defendants' Motion in Limine on September 10, 2025, included declarations from both Mr. Podesta and Ms. Hughes. (*See* Docs. 68-1; 68-2.) In the event Mr. Podesta provides legal opinion testimony or Ms. Hughes provides testimony that is

otherwise impermissible, the Court is prepared to address that during the hearing.

Accordingly, IT IS ORDERED that Defendants' Motion in Limine (Doc. 65) is DENIED. Ms. Hughes and Mr. Podesta shall be permitted to testify at the hearing set for September 16 and 17, 2025.

DATED this 15th day of September, 2025.

_____
Dana L. Christensen, District Judge
United States District Court